IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD C. CRAVER, | : |
|     **Plaintiff,** | :   Case No. 2:24-cv-4070 |
| | : |
| v. | :   Judge Algenon L. Marbley |
| | :   Magistrate Judge Kimberly A. Jolson |
| SUSAN BROWN, | : |
| | : |
|     **Defendant.** | : |

### OPINION & ORDER

This matter is before this Court on Plaintiff Richard C. Craver's Motion for Default Judgment. (ECF No. 4). For the reasons that follow, Plaintiff's motion is **DENIED.**

### I.     BACKGROUND

On October 16, 2024, Plaintiff, proceeding *pro se*, filed this action alleging civil rights violations against Defendant Franklin County Child Support Enforcement Agency Director Susan Brown. (Doc. 1-1). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* and the Magistrate Judge recommended this Court deny the motion. (ECF No. 2). He did not object and subsequently paid the applicable filing fee on November 5, 2024. (ECF No. 3). On December 9, 2024, Plaintiff filed a Motion for Default Judgment (ECF No. 4). In his motion, he argues that since filing the lawsuit in October of 2024, Defendant failed to respond. He states that Defendant failed to respond to communications sent to her, as well as this legal action, and the deadline to respond to his complaint had passed. (*Id.*).

While Plaintiff initiated this cause of action in October 2024, the prerequisite filing fee was paid in November 2024. (ECF Nos. 1; 3; 5). Defendant, however, was not served until March 13, 2025. (ECF No. 11). On March 26, 2025, Defendant filed a Motion to Dismiss. (ECF No. 10).

## II. LAW AND ANALYSIS

As a threshold matter, Federal Rule of Civil Procedure 55 governs defaults and default judgments and provides a two-step procedure. *See* Fed. R. Civ. P. 55. A plaintiff must first apply for and receive an entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a). After the Clerk enters a party's default, then a plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). Here, Plaintiff moved for default judgment but had not yet obtained an entry of default from the Clerk of Court. Because he has not followed the proper procedures for default judgment, his motion is denied.

Even if Plaintiff properly followed the two-step process, he failed to serve Defendant before filing for default judgment. "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." O.*J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). Accordingly, an entry of default must be set aside if service of process was not proper. *See id.*; *Simmons v. Ohio Civil Serv. Emp. Assoc.,* 259 F.Supp.2d 677, 685–86 (6th Cir.2003) (setting aside an entry of default where defendant was not properly served with pleadings); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). As such, an "[e]ntry of default judgment is only appropriate where a defendant has failed 'to plead or otherwise defend' against a properly served lawsuit." *Washington v. McCoy,* No. 1:12–cv–628, 2013 WL 1641369, at *1 (S.D.Ohio April 16, 2013) (quoting Fed.R.Civ.P. 55); *see also Lyles v. Cap.--EMI Music Inc.*, No. 2:12-CV-00751, 2014 WL 4181698, at *2 n.2 (S.D. Ohio Aug. 21, 2014); *Bowden v. Brinly-Hardy Co., Inc.*, No. 3:20-CV-0438-CHB, 2020 WL 9607026, at *4 (W.D. Ky. Oct. 26, 2020). Here, Plaintiff served Defendant on March 13, 2025. (ECF No. 11). Defendant was thus

required to answer or otherwise respond to the Complaint by April 3, 2025. (*Id*.). On March 26, 2025, Defendant filed timely a Motion to Dismiss. (ECF No. 10). Plaintiff's request for entry of default judgment, thus, must be denied.

### III. CONCLUSION

Given Plaintiff's failure to obtain an entry of default and properly serve Defendant before filing a Motion for Default Judgment (ECF No. 4), the motion is **DENIED.**

**IT IS SO ORDERED.**

                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**DATED: June 10, 2025**