**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD C. CRAVER,** | : | |
| | : | **Case No. 2:24-cv-4070** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | **Magistrate Judge Kimberly A. Jolson** |
| | : | |
| **SUSAN BROWN,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before this Court on Defendant Susan Brown's Motion to Dismiss. (ECF No. 10). For the reasons that follow, Brown's Motion to Dismiss is **GRANTED.**

**I.      BACKGROUND**

On October 16, 2024, Richard Craver, proceeding *pro se*, filed this action alleging civil rights violations against Defendant Franklin County Child Support Enforcement Agency Director, Susan Brown, under 42 U.S.C. § 1983. (ECF No. 5). Specifically, Craver asserts violations of 18 U.S.C. § 1859 regarding forced labor, his 1st Amendment right not to associate, and his 13th Amendment right protecting against involuntary servitude. (*Id.* at 3). Craver argues that by forcing him to pay $530 a month in child support since 2019, and $1,200 per month since July 2023, Brown, has "imposed upon [him] in ways of forced wage garnishment, involuntary servitude, and violation of [his] 1st amendment right to not associate…[resulting] in deprivation of [his] inalienable, indefeasible rights to enjoy and defend [his] life and freedom, acquiring, possessing, and protecting [his] property, protecting [his] reputation, and pursuing [his] privacy, safety, and happiness." (*Id.* at 4). Accordingly, Craver requests that this Court "order [Brown] to oversee the

termination of IV-D security interest No. 7114950400 with zero amount of arrears including the removal from [his] credit history along with a refund in full at 6% interest." (*Id.*).

On December 9, 2024, Plaintiff filed a Motion for Default Judgment arguing that since filing the lawsuit in October of 2024, Brown had failed to respond. (ECF No. 4). This Court determined that while Craver initiated this cause of action in October 2024, the prerequisite filing fee was paid in November 2024. (ECF Nos. 1; 3; 5). Defendant, however, was not served until March 13, 2025. (ECF No. 11). On March 26, 2025, Brown filed timely a Motion to Dismiss (ECF No. 10) and Craver's request for entry of default judgment was denied. (ECF No. 14). Now, Brown argues that Craver's complaint must be dismissed as he fails to state a claim for which relief can be granted and further that this Court lacks subject matter jurisdiction. (ECF No. 10 at 2). These arguments are now ripe for this Court's review.

## II.    STANDARD OF REVIEW

If defendants move for dismissal for both lack of subject matter jurisdiction and failure to state a claim, the district court is "bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if [the] court lacks subject-matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)). Even where the merits question is more readily resolved and the prevailing party on the merits would be the same as the prevailing party were jurisdiction denied, it is improper to decide the merits of a case before finding jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998).

A party may move for dismissal of an action based on lack of subject-matter jurisdiction under Rule 12(b)(1). When a district court's subject-matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Rogers v. Stratton Indus., Inc.*, 798

F.2d 913, 915 (6th Cir. 1986). Normally, dismissal under Rule 12(b)(1) is not on the merits. *Id.* at 917.

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). When evaluating such a motion, "[a]ll factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). But the court "need not ... accept unwarranted factual inferences." *Id.* Complaints must state "more than a bare assertion of legal conclusions to survive a motion to dismiss." *Horn v. Husqvarna Consumer Outdoor Products N.A., Inc.*, 2013 WL 693119, at *1 (S.D. Ohio Feb. 26, 2013) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim to relief must be " 'plausible on its face,' " with "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955).

Lastly, the pleadings of a pro se litigant are held to "less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III.    ANALYSIS

Craver initiated this suit against Susan Brown, Director of Franklin County Child Support Enforcement Agency in her official capacity (ECF No. 5). Brown argues the Complaint should be dismissed due to lack of subject matter jurisdiction relying on Rule 12(b)1(1) and the *Rooker-Feldman* doctrine. (*Id.*).

The *Rooker-Feldman* doctrine stems from two Supreme Court decisions interpreting 28 U.S.C. Section 1257(a). *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). 28 U.S.C. Section 1257(a) is designed "to prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking review of a state-court decision." *Kovacic v. Cuyahoga Cty. Dept. of Children and Family Servs.*, 606 F.3d 301, 308 (6th Cir. 2010). Specifically, the statute provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." *Id.* at 308-09. "The *Rooker-Feldman* doctrine, as it has become known, is based on the negative inference that, if appellate court review of such state judgments is vested in the Supreme Court, then it follows that such review may not occur in the lower federal courts." *Id.* at 309. The doctrine shall specifically be applied to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005).

Accordingly, the *Rooker-Feldman* doctrine prohibits this Court from entertaining Craver's attempts to void the child support obligations imposed upon him by Brown through a state court. Craver asks this Court to "order [Brown] to oversee termination of the IV-D security interest No.

7114950400 with zero amount of arrears including the removal from [his] credit history along with a refund in full at 6% interest." (ECF No. 5 at 5). Under the *Rooker-Feldman* doctrine, however, this Court may not aid Craver in circumventing a sound judgment from a state court. Specifically, this Court does not have authority to adjust, terminate, or otherwise interfere with payments imposed by a child custody judgment, nor remedy any resulting effects from such a judgment. Such appeals must be made via the mechanism of the state appellate courts. *See Dates v. HSBC*, 721 F. Supp. 3d 616, 626 (S.D. Ohio 2024). Moreover, Ohio juvenile courts generally retain exclusive jurisdiction over such matters. *Aziz of Family of Jalal v. Ohio Office of Child Support*, 2018 WL 2432899, *3 (S.D. Ohio May 30, 2018). In his Objection to Brown's Motion to Dismiss (ECF No. 12), Craver fails to address subject matter jurisdiction or the *Rooker-Feldman* doctrine entirely.

Accordingly, this Court lacks subject matter jurisdiction to address Craver's claims regarding Brown because such claims are intertwined with a state court judgement of which this Court has no authority to disturb. As such, this Court will dismiss Craver's claims for lack of subject-matter jurisdiction, and therefore it need not consider whether Craver's Complaint contains sufficient allegations to survive a motion to dismiss under Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, Brown's Motion to Dismiss (ECF No. 10) is **GRANTED.**

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: January 6, 2026**

5